**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| CHARLES HARDEN, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:14-cv-1 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is Defendant's Motion to Dismiss (Dkt. 10), Plaintiff's

Response (Dkt. 12), and Defendant's Reply (Dkt. 13). For the reasons set forth herein,

Defendant's Motion to Dismiss (Dkt. 10) is **GRANTED**, the parties' Agreed Motion to Extend

Scheduling Order Deadlines (Dkt. 15) is **DENIED**, and Plaintiff's complaint is **DISMISSED**

**WITH PREJUDICE**.

### I. JURISDICTION AND VENUE

Jurisdiction is proper in this court under 28 U.S.C. §§ 1332 and 1367. Venue is proper

under 28 U.S.C. § 1391(b)(2).

### II. BACKGROUND

Plaintiff mortgaged his property at 9820 Williford Trail, Frisco, Texas 75034 to KJA

Investments, Inc. around May 23, 2006, for $116,000.00. Defendant is now the mortgagee.

Plaintiff fell behind on his payments to Defendant and applied for a loan modification. Plaintiff

contends that Defendant agreed to consider his loan for modification while continuing to pursue

foreclosure on his property before issuing either an acceptance or denial of Plaintiff's

application. Plaintiff argues that Defendant's failure to issue a decision on his application caused

him to fall further behind on his payments and deprived him of an opportunity to reinstate his loan.

### III.    LEGAL STANDARD

"[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."[1] Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[2] Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted."[3] In considering a motion to dismiss under Rule 12(b)(6), the court must accept all of the plaintiff's factual allegations as true.[4] "'Factual allegations must be enough to raise a right to relief above the speculative level.'"[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

The court follows a two-step process for assessing the sufficiency of a complaint. First, the court identifies the conclusory allegations that are "not entitled to the assumption of truth."[8] Second, the court "consider[s] the factual allegations in [the] complaint to determine if they

---

[1] *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 437 (1974).
[2] FED. R. CIV. P. 8(a)(2).
[3] FED. R. CIV. P. 12(b)(6).
[4] *Ballard v. Wall*, 413 F.3d 510, 514-15 (5th Cir. 2005).
[5] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *Id.* at 679.

plausibly suggest an entitlement to relief."[9] This evaluation is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

## IV. ANALYSIS

Plaintiff argues that Defendant's failure to issue a decision on his application for a loan modification constitutes breach of contract, breach of a unilateral contract, anticipatory breach of contract, and that Defendant waived its right to foreclose on the property.

To prevail on a breach of contract claim, a plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach."[11] Plaintiff asserts that Defendant breached the terms of the Deed of Trust by failing to give him notice that his request for modification of the terms of his loan was either approved or denied thereby depriving him of the opportunity to reinstate his loan after falling behind on his payments. Defendant responds that Plaintiff cannot assert a claim for breach of the Deed of Trust because Plaintiff first breached by failing to make his monthly mortgage payments. Plaintiff admits that he fell behind on his payments, and he does not assert that his initial breach was in any way caused by Defendant. Plaintiff also admits that he failed to make his monthly payments while his application for a loan modification was being considered. Therefore, Plaintiff cannot maintain a claim for breach of contract based on the Deed of Trust.[12] Further, nothing in the law or the Deed of Trust requires Defendant to modify the terms of the loan. Plaintiff has not pleaded any facts that would demonstrate that he was unable to reinstate

---

[9] *Id*. at 681.

[10] *Id*. at 679.

[11] *Oliphant Fin., LLC v. Patton*, No. 05-17-01731, 2010 WL 936688, at *3 (Tex. App.—Dallas Mar. 17, 2010, pet. denied) (mem. op.); *see also Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

[12] *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. 2012) ("Under well-established principles of Texas contract law, that material breach would normally prevent [the Plaintiffs] from maintaining a breach-of-contract claim." (citing *Dobbins v. Redden*, 785 S.W.2d 977, 978 (Tex. 1990))).

the loan as described in paragraph 18 of the Deed of Trust[13] based on Defendant's consideration

of his application and failure to issue decision.

Plaintiff also argues that Defendant waived its right to foreclose under the Deed of Trust.

Under Texas law, "[w]aiver is the intentional relinquishment of a right actually known, or

intentional conduct inconsistent with claiming that right."[14] Plaintiff has not pleaded any facts

that would support a claim for waiver of the right to foreclose by Defendant. Defendant's

acceptance of Plaintiff's application for consideration does not amount to an intentional

relinquishment of its right to foreclose based on Plaintiff's failure to make timely payments.

Indeed, the Deed of Trust makes clear that

> [e]xtension of the time for payment or modification of amortization of the sums
> secured by this Security Instrument granted by Lender to Borrower or any
> Successor in Interest of Borrower shall not operate to release the liability of
> Borrower or any Successors in Interest of Borrower. Lender shall not be required
> to commence proceedings against any Successor in Interest of Borrower or to
> refuse to extend time for payment or otherwise modify amortization of the sums
> secured by this Security Instrument by reason of any demand made by the original
> Borrower or any Successors in Interest of Borrower. Any forbearance by Lender
> in exercising any right or remedy including, without limitation, Lender's
> acceptance of payments from third persons, entities or Successors in Interest of
> Borrower or in amounts less than the amount then due, shall not be a waiver of or
> preclude the exercise of any right or remedy.[15]

Defendant's acceptance of Plaintiff's application for review does not constitute a waiver

of its right to foreclose.

Plaintiff further asserts that Defendant breached a unilateral contract when it "offered and

Plaintiff accepted a loan modification review."[16] A unilateral contract is "created by the promisor

promising a benefit if the promisee performs" and becomes enforceable when the promisee

---

[13] Dkt. 10-3.
[14] *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008).
[15] Dkt. 10-2 ¶ 11.
[16] Dkt. 3-4 ¶ 14.

performs.[17] Here, Plaintiff has not alleged any promise made by Defendant that would confer any benefit upon Plaintiff, it was merely a willingness to consider Plaintiff's application. Further, even if Defendant's offer to consider his application for a loan modification could be construed as a promise of a benefit to Plaintiff, any contract modifying the Note and Deed of Trust is subject to the statute of frauds and must have been in writing to be enforced.[18] Oral modifications of contracts are unenforceable under the Texas statute of frauds.[19]The alleged agreement would not have altered Plaintiff's obligation to make timely payments under the terms of the Note and Deed of Trust.

Plaintiff also asserts a claim for anticipatory breach of contract. An anticipatory breach of contract "is a positive and unconditional refusal to perform the contract in the future, expressed either before performance is due or after partial performance."[20] To establish a claim for anticipatory breach of contract, a plaintiff must show: "(1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party."[21] "An anticipatory repudiation of a contract may consist of either words or actions by a party to that contract that indicate an intention that he or she is not going to perform the contract according to its terms."[22] But "the declaration of intent to abandon must be in positive and unconditional terms."[23] It is unclear which contract or alleged contract Plaintiff is contending that Defendant repudiated. Nonetheless, Plaintiff has not pleaded any facts that would support a claim for anticipatory breach of any contract against Defendant.

---

[17] *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011) (quoting *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 302 (Tex. 2009)) (internal quotation marks omitted).
[18] TEX. BUS. & COM. CODE § 26.02(a)(2) & (b).
[19] TEX. BUS. & COM. CODE § 26.02(a)(2) & (b); *see also Water Dynamics, Ltd. v. HSBC Bank USA, Nat'l Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013).
[20] *Van Polen v. Wisch*, 23 S.W.3d 510, 516 (Tex. App.—Houston [1st Dist.] 2000, pet. denied)
[21] *Gonzalez v. Denning*, 394 F.3d 388, 394 (5th Cir. 2004).
[22] *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 631 (N.D. Tex. 2010).
[23] *Preston v. Love*, 240 S.W.2d 486, 487 (Tex. Civ. App.—Austin 1951, no writ).

Plaintiff has abandoned his claim for breach of the duty of good faith and fair dealing,[24] therefore the court does not consider it.

Plaintiff seeks the remedies of injunctive relief and damages. Because the court has granted Defendant's motion to dismiss, Plaintiff is not entitled to any remedies.

## V. CONCLUSION

The deadline for amending pleadings in this case expired on April 9, 2014, and under the Scheduling Order (Dkt. 9), leave of court was not required to amend the complaint before this deadline. Plaintiff did not seek an extension of the deadline. While Plaintiff did state in his response to Defendant's motion that he would amend his complaint if the court found it insufficient, Plaintiff did not file a copy of an amended complaint with his response. Local Rule CV- 7(k) requires motions for leave to file a document to be accompanied by the document sought to be filed. Further, the court notes that while the parties filed an Agreed Motion to Extend Scheduling Order Deadlines (Dkt. 15) on December 16, 2014, this motion was not filed until well after the deadlines it sought to extend had passed. For instance, the parties sought to amend the discovery deadline from October 10, 2014, until January 31, 2015, but failed to provide the court with any reason to demonstrate good cause for amending the scheduling order at this point or any explanation as to why or if these deadlines were or were not met. Federal Rule of Civil Procedure 16(b)(4) makes clear that a schedule "may be modified only for good cause and with the judge's consent." Further, Local Rule CV-26 states that "[a]bsent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." Finally, Local Rule AT-3(J) makes clear that "[t]he court is not bound to accept agreements of counsel to extend deadlines imposed

---

[24] Dkt. 12 ¶ 19.

by rule or court order." The parties' Agreed Motion to Extend Scheduling Order Deadlines (Dkt.

15) is **DENIED**.

Defendant's Motions to Dismiss (Dkt. 10) is **GRANTED** and Plaintiff's complaint is

**DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

**SIGNED this the 28th day of April, 2015.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE